# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

DEMETRIC C. MARINE,

     **Plaintiff,**

v.                                 **Case No. 3:12cv92/RV/CJK**

JAMIE L. BURCH, et al.,

     **Defendants.**

_____/

## REPORT AND RECOMMENDATION

     Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a third amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 36). From a review of plaintiff's allegations, it is apparent that plaintiff is not entitled to the injunctive relief he seeks. Because plaintiff has failed to correct this deficiency by amendments previously allowed, the undersigned recommends that this case be dismissed without prejudice for failure to state a claim, without allowing further amendment.

BACKGROUND AND PROCEDURAL HISTORY

     Plaintiff is an inmate of the Florida Department of Corrections ("DOC"), currently confined at Santa Rosa Correctional Institution ("Santa Rosa CI"). Plaintiff's third amended complaint names three defendants, all prison officials at

Santa Rosa CI: Major Torrey Johnson, Captain Jackson and Sergeant Cowen. (Doc. 36, pp. 1-2). Defendants are sued in their individual capacities. Plaintiff claims that on July 21, 2011, defendant Johnson retaliated against plaintiff for filing grievances by commanding defendant Jackson to spray plaintiff with a chemical agent and place him on strip management for 72 hours. (*Id*.). Plaintiff alleges that defendants Jackson and Cowen carried out Johnson's commands and in doing so used excessive force on plaintiff. As relief for defendants' alleged unconstitutional conduct, plaintiff seeks an order requiring the DOC to: (1) adopt a rule that "handheld camera activated recording the entire course of use of force incident so officials will not abuse their authority with chemical agents", and (2) modify an apparent DOC rule that permits the administration of three rounds of 1-second bursts of a chemical agent, to permit only a one-round, 1-second burst unless the inmate continues to be disruptive. (Doc. 36, p. 7).

## DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the Court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The Court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may

be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (reiterating that principle).

Taking the allegations of plaintiff's third amended complaint as true and construing them in the light most favorable to plaintiff, the complaint fails to state a plausible claim for the injunctive relief plaintiff seeks. "The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." *Sampson v. Murray*, 415 U.S. 61, 88, 94 S. Ct. 937, 952, 39 L. Ed. 2d 166 (1974); *Bolin v. Story*, 225 F. 3d 1234, 1242-43 (11th Cir. 2000) ("In order to receive declaratory or injunctive relief, plaintiff must establish that there was a violation [of a right], that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."). To establish the irreparable injury requirement, plaintiff must show that the threat of injury to him is "neither remote nor speculative, but actual and imminent." *Northeastern Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990) (*quoting Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 973 (2d Cir.1989)); *see also Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir.

1994) (stating that to obtain injunctive relief, a plaintiff must show "a real and immediate – as opposed to a merely conjectural or hypothetical threat of future injury."). This necessitates that the persons from whom the injunctive relief is sought be parties to the underlying action. *See Infant Formula Antitrust Litig., MDL 878 v. Abbott Labs.*, 72 F.3d 842, 842-43 (11th Cir. 1995) (holding that district court lacked subject matter jurisdiction to issue preliminary and permanent injunction against a non-party to the pending action). In addition, "[t]he remedy must of course be limited to the inadequacy that produced the injury in fact that the plaintiff has established." *Lewis v. Casey*, 518 U.S. 343, 357, 116 S. Ct. 2174, 2183, 135 L. Ed. 2d 606 (1996); *see also Missouri v. Jenkins*, 515 U.S. 70, 88, 89, 115 S. Ct. 2038, 2049-50, 132 L. Ed. 2d 63 (1995) ("[T]he nature of the . . . remedy is to be determined by the nature and scope of the constitutional violation" (citation and internal quotation marks omitted)).

Plaintiff's demand for injunctive relief seeks permanent prospective injunctive relief against the DOC, a non-party to this action, and goes far beyond the alleged nature and scope of the alleged constitutional violations. According to the allegations of plaintiff's third amended complaint (and prior complaints), the violation of plaintiff's constitutional rights arose from individual correctional officers' unauthorized use of force for no penological purpose and solely to retaliate against plaintiff for filing grievances, not from a DOC rule or policy concerning use of force. Thus, even assuming the truth of plaintiff's allegations, the Court lacks jurisdiction to issue the requested injunction. Further, requiring the DOC to modify its use-of-force rules as plaintiff suggests would not prevent the alleged unconstitutional conduct plaintiff suffered. Plaintiff further fails to show that he is under a real and immediate threat of future injury from the individual defendants' use of chemical

agents. The single incident of alleged retaliation and unauthorized use of force that occurred over two years ago does not give rise to a reasonable inference that there is a serious risk of continuing irreparable injury if an injunction is not granted.

The Court has provided plaintiff three opportunities to amend his complaint to state a viable claim, and has specifically advised plaintiff how to correct the deficiencies in his demand for relief. (*See* Docs. 17, 27, 34). Plaintiff's failure to cure the deficiencies by amendments previously allowed warrants dismissal of this case without prejudice, without further opportunity for amendment.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief can be granted.

2. That the Clerk be directed to close the file.

At Pensacola, Florida, this 14th day of August, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).